IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **JOHN HIRSH** ) | |
| ) | |
| Plaintiff, ) | **COMPLAINT** |
| ) | |
| v. ) | No. _____ |
| ) | |
| **ENHANCED RECOVERY** ) | |
| **COMPANY, LLC** ) | |
| ) | |
| Defendant. ) | |
| ) | |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer for Enhanced Recovery Company, LLC's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*. ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff John Hirsh is an adult individual residing in Boca Raton, Florida.

5. Defendant Enhanced Recovery Company, LLC ("Enhanced Recovery") is a business entity regularly doing business in the Middle District of Florida with its registered agent located at 1200 South Pine Island Road, Plantation, Florida**.** The principal purpose of Enhanced

Recovery is the collection of debts already in default using the mails and telephone, and Enhanced Recovery regularly attempts to collect said debts.

## FACTUAL ALLEGATIONS

6. At all pertinent times hereto, Enhanced Recovery was hired to collect a debt allegedly owed to an original creditor (the "debt").

7. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

8. At all times material hereto, Plaintiff did not and has never owed a debt to Enhanced Recovery.

9. At all times pertinent hereto, Enhanced Recovery made use of an automatic telephone dialing system to contact Plaintiff on his cellular telephone.

10. At all times pertinent hereto, Plaintiff never gave express consent to Enhanced Recovery to call his cellular telephone.

11. In or around October 2014, Enhanced Recovery initially contacted Plaintiff's cellular telephone number using an automatic telephone dialing system and/or an artificial or prerecorded voice to coerce payment of the debt, with the intent to annoy, abuse or harass such persons contacted.  Each and every time Enhanced Recovery called and Plaintiff spoke with Enhanced Recovery, Plaintiff told Enhanced Recovery's representatives that they had reached the wrong person, that they were calling John Hirsh, not someone named "Fred," allegedly the true debtor.

12. Notwithstanding the above, in or around late October 2014, Enhanced Recovery contacted Plaintiff on Plaintiff's cellular telephone several times in an attempt to collect the debt

with the intent to annoy, abuse, and harass Plaintiff. During these conversations, Enhanced Recovery's representative identified himself as "Alfred."

13. Notwithstanding the above, and continuing through today's date, Enhanced Recovery continued to contact Plaintiff's cellular telephone at least once per week, using an automatic telephone dialing system and/or an artificial or prerecorded voice to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

14. Enhanced Recovery acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer and disclosing the debt to that person.

15. Enhanced Recovery acted in a false, deceptive, misleading and unfair manner when communicating with any person other than the consumer on more than one occasion.

16. Enhanced Recovery acted in a false, deceptive, misleading and unfair manner when communicating with any person other than the consumer, without the consumer's consent.

17. Enhanced Recovery acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

18. Enhanced Recovery acted in a false, deceptive, misleading and unfair manner by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

19. Enhanced Recovery acted in a false, deceptive, misleading and unfair manner by falsely representing the amount, character or legal status of the debt.

20. Enhanced Recovery acted in a false, deceptive, misleading and unfair manner when they used false representations and deceptive means to collect or attempt to collect a debt.

21.     Enhanced Recovery knew or should have known that its actions violated the FDCPA and the TCPA.  Additionally, Enhanced Recovery could have taken the steps necessary to bring its actions into compliance with the FDCPA and TCPA, but neglected to do so and failed to adequately review its actions to insure compliance with said laws.

### FIRST CLAIM FOR RELIEF- VIOLATION OF THE FDCPA
### (Plaintiff v. Enhanced Recovery)

22.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23.     Enhanced Recovery is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

24.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

25.     The above contacts by Enhanced Recovery were "communications" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

26.     Enhanced Recovery violated the FDCPA.  Enhanced Recovery's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(2), 1692b(3), 1692c(b), 1692d, 1692d(5), 1692e(2)(A), 1692e(10) and 1692f as evidenced by the following conduct:

   (a)    Disclosing the debt to persons other than the consumer;

   (b)    Communicating with persons other than the consumer on more than one occasion;

   (c)    Communicating with persons other than the consumer without the consumer's consent;

   (d)    Engaging in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt;

      (e)    Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

      (f)    Falsely representing the amount, character or legal status of the debt; and

      (g)    Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect any debt;

27.    Enhanced Recovery's acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

28.    As a result of the above violations of the FDCPA, Enhanced Recovery is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

### SECOND CLAIM FOR RELIEF- VIOLATION OF THE TCPA
### (Plaintiff v. Enhanced Recovery)

29.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

30.    Enhanced Recovery initiated a myriad of telephone calls using an automatic telephone dialing system and/or an artificial or prerecorded voice to Plaintiff's cellular telephone.

31.    Enhanced Recovery initiated these automated calls to Plaintiff's cellular telephone using an automated telephone dialing system, which had the capacity to store or produce telephone numbers using random or sequential number generator as defined by § 227(a)(1) of the TCPA.

32. Enhanced Recovery violated the TCPA. Enhanced Recovery's violations include, but are not limited to, violations of 47 U.S.C. § 227(b)(1)(A)(iii), 47 U.S.C. § 227(b)(1)(B), 47 U.S.C. § 227(d)(1)(A) and 47 C.F.R.§ 64.1200 *et seq.* as evidenced by the following conduct:

    (a) initiating telephone calls to Plaintiff's cellular telephone using artificial or prerecorded voices to deliver messages without Plaintiff's express consent; and

    (b) initiating telephone calls to Plaintiff using an automated telephone dialing system that was not in compliance with the technical and procedural standards prescribed by the TCPA.

33. Enhanced Recovery's acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the debt.

34. The acts and/or omissions of Enhanced Recovery were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent express consent from the Plaintiff, lawful right, legal defense legal justification or legal excuse.

35. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff's to an award of statutory, actual and treble damages.

## JURY TRIAL DEMAND

36. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

    (a) Statutory damages;

    (b) Actual damages;

    (c)    Treble damages;

    (d)    Costs and reasonable attorney's fees; and

    (e)    Such other and further relief as may be just and proper.

Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

BY:  */s/ Mark D. Mailman*
      MARK D. MAILMAN, ESQUIRE
      ERIN A. NOVAK, ESQUIRE
      Attorneys for Plaintiff
      Land Title Building, 19th Floor
      100 South Broad Street
      Philadelphia, PA 19110
      (215) 735-8600

**ALLIANCE LEGAL GROUP, P.L.**

By: */s/Ryan Sciortino*
    Ryan Sciortino, Esquire
    Florida Bar Number: 100383
    Attorneys for Plaintiff
    5632 Bee Ridge Road
    Suite 200
    Sarasota, Florida  34233
    Telephone: 941-227-4282
    Facsimile:  941-487-7592
    rsciortino@alliance-law.com
    eservice@alliance-law.com
    ecasey@alliance-law.com

DATE: November 18, 2015